UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BILLY CASPER GOLF, LLC,** | ) | **CASE NO. 4:11CV527** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **KENNSINGTON GOLF CLUB, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #20) of Defendant, Kennsington Golf Club, LLC ("KGC"), to Amend Counterclaim. For the following reasons, the Motion is granted; and, therefore, the Motion (ECF DKT #17) of Plaintiff, Billy Casper Golf, LLC ("BCG"), to Dismiss Defendant's Counterclaim is denied as moot.

## I. FACTUAL BACKGROUND

This case arises from a golf course management agreement entered into on December 22, 2009, between Plaintiff BCG and Defendant KGC. BCG is a Virginia limited liability company that manages golf facilities throughout the United States and has its principal place of business located in Vienna, Virginia. KGC is an Ohio limited liability company that operates Kennsington Golf Club, an 18-hole golf course, clubhouse, driving range and pro shop located in Canfield Township, Mahoning County, Ohio. KGC hired BCG to manage the facility for a three-year term, commencing on January 1, 2010. BCG alleges it provided all the services required under the agreement; but KGC failed to provide appropriate working

capital for the facility; failed to maintain the required minimum funds balance in the operating account; and failed to reimburse BCG or pay the expenses associated with BCG's procurement of inventories, equipment and services necessary for the operation of the facility. As a result of these alleged breaches, BCG terminated the agreement and initiated this action under federal diversity jurisdiction, claiming breach of contract and unjust enrichment. KGC answered and counterclaimed.

In the instant Motion, KGC seeks leave to amend its Counterclaim and allege breach of contract, breach of fiduciary duty, and fraud in the inducement. BCG objects on the basis of futility. BCG argues that, in order to sustain both tort and contract claims, the Counterclaim must allege breach of a duty independent of the agreement, and must seek damages that are unique and separate from those resulting from any breach of contract. Further, BCG insists that, as a general rule, no fiduciary relationship exists between parties negotiating an arms-length commercial transaction. BCG contends that KGC's proposed Counterclaim fails to state fraud and breach of fiduciary duty claims upon which relief can be granted.

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed, "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

BCG asserts that KGC's proposed amendment should be denied because the breach of fiduciary duty and fraud in the inducement counts of the Counterclaim would be futile, i.e., they would not survive a Fed.R.Civ.P. 12(b)(6) challenge.

**Breach of Fiduciary Duty**

"To state a claim for breach of fiduciary duty, the plaintiff must allege (1) the existence of a duty arising from a fiduciary relationship, (2) a failure to observe the duty, and (3) an injury resulting proximately therefrom." *Infocision Management Corp. v. Foundation for Moral Law, Inc.*, Nos. 5:08CV1342 & 5:08CV1412, 2009 WL 650282, *6 (N.D.Ohio Jan. 14, 2009) (citing *Strock v. Pressnell*, 38 Ohio St.3d 207, 216 (1988)).

In its proposed Amended Counterclaim, KGC alleges:

¶ 19.  KGC entrusted BCG with the care, maintenance, operation, business goodwill and financial future of the Facility, a multi-million dollar investment.

¶ 20.  ... such that KGC placed special confidence and trust in the integrity and fidelity [of] BCG, through which BCG gained a resulting position of superiority or influence over both the Facility and KGC.

\* \* \* \*

¶ 26.  BCG breached its fiduciary duties to KGC by failing to disclose its inability to provide timely agronomy services to KGC; by failing to disclose that it did not have proprietary marketing software; by overstating KGC's relationship with national suppliers to achieve cost advantages; by self-dealing through its so-called "Centralized Services"; by failing to disclose that it was passing along various fees and membership dues for BCG's sole benefit that did not directly benefit KGC; that it willfully breached its duty of loyalty by hiring personnel KGC previously discharged for cause after KGC expressly requested BCG refrain from so doing; by charging KGC for the cost of bringing in additional personnel to work through the mistakes and errors BCG was solely responsible for; and by failing to protect and defend the reputation of KGC and the Facility within the community.

¶ 27.  As a direct and proximate result of BCG's breach of fiduciary duty, KGC and the Facility suffered damages, ... the time and expense incurred from the payment of bogus bills, fees and/or dues; over inflated personnel salaries, benefits and travel expenses; over payment(s) for goods purchased, the expense of dues and fees not for the benefit of KGC, the time of KGC personnel to address and seek a remedy for the aforementioned breaches,

professional fees associated with BCG's breaches and the cost of re-assuming control over the Facility upon BCG's termination of the Agreement.

Upon review of these allegations, the Court is convinced that the breach of fiduciary duty count of KGC's proposed Amended Counterclaim sufficiently alleges the required elements of the cause of action, and pleads enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### Fraud in the Inducement

The elements of fraudulent inducement are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Groob v. KeyBank*, 108 Ohio St.3d 348, 357 (2006) (citing *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987)).

In its proposed Amended Counterclaim, KGC alleges:

¶ 32. BCG made materially false representations to KGC, prior to entry into the Agreement, that BCG could provide immediate agronomy services at the level KGC both requested and needed, prior to the start of the 2010 golf season, as well as have all necessary golfer tracking/marketing software installed and operational for the 2010 golf season, including but not limited to email correspondences from Mike Cutler, PGA, Vice President Business Development, BCG on December 7, 2009, sent at 2:37 p.m. and attachment(s) regarding services and business plan, as well as a December 12, 2009 email sent at 10:20 p.m. from Mr. Cutler regarding the price saving BCG promised it could deliver to KGC.

¶¶ 33-35. ... BCG withheld information ...BCG knew, or should have known, ... was material to KGC's entry into the Agreement ...BCG held actual knowledge of the falsity [of] its representations to KGC ...

¶ 38. As a direct and proximate result of BCG's materially false representations, KGC entered into the Agreement that it otherwise would not have executed.

¶ 39. ... KGC suffered damages, including but not limited to: inflated management fees over and above the value of any such service provided; the difference in value between the goods BCG promised to provide at reduced cost and the actual cost of procuring such goods; the professional fees associated with unwinding the Agreement; the costs of re-assuming management of the Facility, as well as the costs associated with the restoration of KGC's good will and reputation which were damaged as a result of BCG's false representations.

The Court finds these allegations of fraud in the inducement are sufficient to survive a Fed.R.Civ.P. 12(b)(6) challenge, and satisfy the required elements for the cause of action.

### III. CONCLUSION

On its face, the proposed Amended Counterclaim is not so inadequate that it fails to make a valid claim, nor is it patently self-defeating. For all the foregoing reasons, the Motion (ECF DKT #20) of Defendant, Kennsington Golf Club, LLC ("KGC"), to Amend Counterclaim is granted; KGC shall file its Answer and Counterclaim on or before March 9, 2012; and the Motion (ECF DKT #17) of Plaintiff, Billy Casper Golf, LLC ("BCG"), to Dismiss Defendant's Counterclaim is denied as moot.

**IT IS SO ORDERED.**

**DATE: February 29, 2012**

                                           S/Christopher A. Boyko
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**